UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Geoff Winkler,<br><br>Plaintiff<br><br>v.<br><br>Dian S. Tate, et al.,<br><br>Defendants | Case No. 2:26-cv-00990-CDS-NJK<br><br>**Order Denying the Defendants' Second Motions to Dismiss**<br><br>[ECF Nos. 19, 20, 22, 26, 28, 34, 38, 84] |

This is a purported fraudulent transfer case brought by court-appointed Receiver Geoff Winkler related to a Securities and Exchange Commission (SEC) enforcement action already pending in this District against numerous defendants. *See* ECF No. 88 in *SEC v. Matthew Beasley, et al.* ("the Beasley action"), Case No. 2:22-cv-00612-CDS-EJY. Pending before the court are several motions to dismiss. Mots., ECF Nos. 16–17, 19–22, 25–29, 33, 34, 36, 38, 49, 82, 84.[1] These motions are fully briefed.[2]

In relevant part, defendants Bylina, Donatelli, Fajardo, Kirk, Nohrden, Kirdendall, Spindler, and Sillitoe separately filed two motions to dismiss. The first motion seeks to dismiss the receiver's complaint with prejudice pursuant to Federal Rule of Civil Procedure (FRCP) 12(b)(6), arguing failure to state a claim. *See* ECF Nos. 16–17, 21, 25, 27, 33, 36, 82. These same defendants bring a second motion to dismiss arguing that the court should dismiss the receiver's complaint pursuant to FRCP 12(b)(7)—that is, the receiver failed to name a necessary and proper party. *See* ECF Nos. 19, 20, 22, 26, 28, 34, 38, 84.

In opposition, Winkler argues that the second motions to dismiss should be denied because, among other reasons, the motion is procedurally improper and the defendants already

[1] The motions to dismiss were filed by defendants Nicole Bylina; James Donatelli; Elizabeth Fajardo; Bryon Kirk; Jing M. Nohrden; Sandra A. Menard; Virginia Kirkendall; Rob L. Spindler; John Eric Salisburg, Dian S. Tate, and Jay A. Wieseler; and Russell R. Sillitoe. *See* ECF Nos. 16–17, 19–22, 25–29, 33, 34, 36, 38, 49, 82, 84. This order does not resolve the motions to dismiss at ECF Nos. 16–17, 21, 25, 27, 29, 33, 36, 49, 82. Those motions will be resolved in a separate order in ordinary course.

[2] *See* Resps., ECF Nos. 45–48, 50–56, 64–67, 80, 93–94; Replies, ECF Nos. 57– 61, 73–79, 86, 96–97.

filed a separate Rule 12 motion, which prevents them from filing another such motion. ECF Nos. 46, 48, 51, 53, 55, 65, 67, 94 at 2. In reply, the defendants argue that they followed the local filing rules in separating the failure to state a claim and joinder motions. *See* ECF Nos. 59, 60, 69, 73, 74, 78, 79, 96 at 3–4. That is, the defendants assert that the separate filing is procedurally proper, as Local Rule IC 2-2 states that for each type of relief requested, a separate document must be filed and separate event must be selected. *Id.* The defendants assert that because the two motions are completely separate requests, they should be filed separately pursuant to Local Rule IC 2-2. *Id.*[3] For the reasons stated herein, I deny the defendants' second motions.

**I. Discussion**

"Rules 12(g) and 12(h) serve to eliminate the presentation of [Rule 12] defenses in a **piecemeal fashion**." *Hild v. Bank of Am., N.A.*, 2015 WL 1813571, at *3 (C.D. Cal. Apr. 21, 2015) (citation omitted) (emphasis added). Specifically, "Rule 12(g)(2) prohibits a party from raising in a second Rule 12 motion a defense or objection that was available to the party but omitted from an earlier Rule 12 motion, except as provided in Rule 12(h)(2) or (3)." *Holloway v. Clackamas River Water*, 2020 WL 5471476, at *12 (D. Or. Apr. 24, 2020), *adopted*, 2020 WL 5441562 (D. Or. Sep. 10, 2020); Fed. R. Civ. P. 12(g)(2). Thus, a party may not raise in a second Rule 12 motion arguments that were available to them unless one of the exceptions apply.

Rule 12(h)(2) permits a defendant to raise a defense for "failure to state a claim upon which relief can be granted, to join a person required by Rule 19(b), or to state a legal defense to a claim in three distinct circumstances: (1) in any pleading allowed or ordered under Rule 7(a), such as a complaint, answer, or reply to an answer; (2) by a motion under Rule 12(c); which is a

[3] The defendants also argue that because the motions were filed on the same day, it is not a situation where the filing party is attempting to use a procedural trick in filing one Rule 12(b) motion and then the litigating subsequently files an additional Rule 12(b) motion that should have been filed by responsive deadline. *Id.* While the motions were filed on the same day, it nonetheless piecemeals arguments which runs counter to FRCP 12(g) and (h). As such, I find the defendants argument unpersuasive.

motion for judgment on the pleadings; or (3) at trial." *Coles Valley Church v. Or. Land Use Bd. of Appeals*, 2021 U.S. Dist. LEXIS 92386, at *18–19 (D. Or. May 14, 2021) (cleaned up).[4]

Here, the defendants' second motions to dismiss are neither a pleading within the meaning of Rule 7(a) nor are they motions for judgment on the pleadings. And this case is far from trial. So the second motions to dismiss do not fall within any of the exceptions contemplated by Rule 12(h)(2). And I am unpersuaded by the defendants' argument in its reply citing Local Rule IC 2-2. While that local rule does require separate motions to be filed, the motions to dismiss at issue here seek the same relief: dismissal of the receiver's complaint *pursuant to Rule 12*. So Local Rule IC 2-2 does not apply here. Rather, that rule applies, for example, when defendants file a motion to dismiss or, in the alternative, a motion for summary judgment, in the same pleading. Moreover, a review of the motions suggests the purpose of filing the separate motions is to circumvent the local rules page limit on motions.[5] *See* LR 7-2(b) (limiting the page limited for all motions, other than those for summary judgment, to 24 pages).

The court recognizes the complexities of this case. Nonetheless, because the second motions to dismiss run counter to Rule 12 and authority supporting that it is improper to file multiple motions to dismiss. Those motions should have been raised in the first instance, so they are denied.

**II. Conclusion**

IT IS HEREBY ORDERED that the defendants' motions **[ECF Nos. 19, 20, 22, 26, 28, 34, 38, 84] are DENIED.**

Dated: August 11, 2026

Cristina D. Silva
United States District Judge

---

[4] *See also In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318 (9th Cir. 2017) ("Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial.") *aff'd*, 587 U.S. 273 (2019).

[5] ECF No. 16 is 23 pages long, with 20 pages of argument, and ECF No. 19 is 11 pages long, with 8 pages of argument. Generally considering the argument section of both motions alone, which is not required by the rule, still brings the total page count to 28 pages.